Haight *v.* Green.

HAIGHT, EXECUTOR OF HETHERINGTON, *v.* GREEN.

THE complaint in this case—ejectment—is sufficient within the rules laid down in *Payne & Dewey* v. *Treadwell* (16 Cal. 220).

Under our statute, an executor may maintain an action for trespass committed upon the real estate of his testator in his lifetime.

In ejectment, plaintiff, after introducing his letters testamentary and proving the monthly value of the premises, offered in evidence a stipulation in these words: "It is admitted that the plaintiff's testator, Hetherington, was the owner of the premises prior to defendant's entry; that defendant entered under him, and now claimed the premises as her property, and is in possession.   The defendant does not design in this stipulation to admit a tenancy at any time;" and rested: *Held*, that the stipulation was, *prima facie*, sufficient to maintain the action; because its effect is to admit title in Hetherington before defendant's entry; that defendant entered under him, and afterwards claimed the premises in contravention of the tenancy.

*Held, further*, that the latter clause of the stipulation, that it was not designed "to admit a tenancy," cannot have the effect of excluding the legal conclusion of "tenancy," resulting from the admission of specific facts.

Where a case in the Twelfth District was set for trial on a particular day, with the knowledge and consent of defendant's attorney, and he then, two or three days before the day of trial, goes into Alameda county to try another cause there, without making any arrangement in respect to the first case, in which on the day fixed plaintiff had judgment—no one appearing for defendant, except to state the fact of the attorney's absence, and to ask a postponement, which was denied: *Held*, that this Court will not review the action of the Court below in refusing to set aside the judgment because of the absence of said attorney.

APPEAL from the Twelfth District.

Ejectment for a lot in San Francisco.

The complaint, among other things, avers that " heretofore, to wit: on the first day of January, A. D. 1855, Joseph Hetherington was seized and possessed of a certain lot or parcel of ground in the city and county of San Francisco," etc.; that on said day, said Hetherington was the owner of said lot, and was at that time, or shortly previous thereto, in the actual possession of the same; that after said day and before the twenty-ninth day of July, A. D. 1856, and the precise time this plaintiff cannot state, said defendant entered into possession of said premises *with the consent* of said Hetherington, that she might occupy and use the same as his tenant at will; that said Hetherington made no conveyance of said lot to said defendant, but gave her permission to occupy the same;

\*    \* that said Hetherington died July 29th, 1856; that plaintiff is his executor, etc.; " that after the death of said Hetherington and the probate of said will and the qualification of plaintiff as executor, the plaintiff proceeded to said premises, and found said defendant in possession of the same; that said defendant stated that she claimed said lot to be her property, that said Hetherington had given it to her, and that she would not yield the possession of the same unless she was compelled to; that said defendant has on various other occasions and at different times claimed to be the owner of said lot, in violation of the rights of the devisee of said Hetherington and of this plaintiff as executor of said estate; that this plaintiff as such executor is entitled to the possession of said lot, and that said defendant unlawfully and unjustly retains the possession of the same. Plaintiff further states, that the monthly value of said premises is fifteen dollars, and that said defendant has been in possession of the same more than three years past."

Plaintiff further states, that one Joseph Hetherington in his lifetime, to wit: during the years 1853, 1854, 1855, and since, was lawfully seized of an estate in fee simple, and was in the actual possession of the following premises in the city of San Francisco,

\*    \* and being so seized and possessed, said defendant, and before the commencement of this suit, entered into the possession

of the same, and unlawfully and with force and arms ousted said Hetherington therefrom, and unlawfully detained the possession thereof from the said Hetherington in his lifetime, and still does detain the possession thereof from this plaintiff; that said Hetherington afterward, and on or about the twenty-ninth day of July, A. D. 1856, departed this life, leaving a will, in which he appointed this plaintiff executor, etc.;    *    *    that said premises are of the monthly value of fifteen dollars, and that said defendant has occupied the same for more than three years last past.    Plaintiff prays judgment for the possession of the said premises, with eight hundred dollars damages and costs.

Defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action.    Overruled.

The answer contained a general denial; and set up that Hetherington was indebted to defendant $1,000, for services rendered, and goods, wares and merchandise furnished him by defendant, and that, in consideration thereof, he agreed to convey to defendant the premises in controversy, and placed her in possession thereof, and ever afterwards treated her as owner; but that, owing to his sudden death, no deed was ever executed.

It seems from a statement in respondent's brief, which is not denied in the brief of appellant, that the cause was fixed for trial in the Court below for a particular day, in pursuance of an agreement between the counsel of the parties.    It also appears from the briefs, that two or three days before the time fixed for trial, defendant's attorney went to San Leandro, Alameda county, to try a cause, and did not return until a few hours after this case had been tried and determined.    It would also seem from the briefs, that defendant and her attorney filed affidavits of merits and surprise, etc., on the motion for new trial.    None of these things appear on record.    The only statement there is, that the case came on regularly for trial in its order on the calendar, and that plaintiff appeared in person; that defendant's attorney not being present, at the request of his clerk, another attorney " stated to the Court the fact of his absence at San Leandro, and asked that the trial be postponed, until his return, which application was denied, and the trial proceeded.    No one appearing to represent the defendant upon said

trial, the plaintiff proceeded *ex parte.* The plaintiff introduced no evidence in addition to his letters testamentary and proof of the monthly value of the premises, except a stipulation, signed by the attorneys of plaintiff and defendant, in these words : " It is admitted that the plaintiff's testator, Hetherington, was the owner of the premises prior to defendant's entry. That defendant entered under him, and now claims the premises as her property, and is in possession. The defendant does not design in this stipulation to admit a tenancy at any time."

Verdict and judgment for plaintiff, for possession and eight hundred dollars damages. Defendant moved for a new trial, on the grounds : 1st, accident and surprise ; 2d, insufficiency of the evidence to justify the verdict ; 3d, that the verdict is against law. Denied. Defendant appeals.

*B. S. Brooks,* for Appellant.

I.    The complaint does not aver possession at the time of defendant's entry, nor an unlawful entry, nor an ouster. If the complaint showed a cause of action in Hetherington, it does not in plaintiff. The cause of action is a *tort,* which does not descend to the executor. (6 Cal. 456.) Nor does the complaint show a cause of action in Hetherington at the time of his death. (*Norris* v. *Russell,* 5 Cal. 249 ; Id. 311 ; 6 Id. 47 ; Id. 579 ; 1 Id. 465 ; 9 Id. 5 ; 14 Id. 383.)

II.    There is no proof of any tenancy on the part of defendant; the stipulation declares it shall not be so construed. The defendant, therefore, being put in possession by plaintiff's testator, was lawfully in possession ; and this possession, in the absence of other evidence, was evidence of a fee.

III.    The Court below ought to have granted a new trial on the ground of " mistake, inadvertence or excusable neglect." (Pr. Act, sec. 68 ; 2 Cal. 246 ; 7 Id. 21 ; Id. 30 ; 10 Id. 342, 464 ; 11 Id. 340 ; 14 Id. 201 ; *Dean* v. *Evaul,* Coxe, 201 ; *Cogswell* v. *Vandenburg,* 1 Caine's, 155 ; *Crittenden* v. *Adams,* 5 How. Pr. R. 310 ; *Montgomery* v. *Ellis,* 6 Id. 326.)

*H. H. Haight,* Respondent, *in person.*

I.    The first count of the complaint avers ownership in Hether-

ington, tenancy at will in defendant, and claim of ownership by her in violation of her landlord's rights. This constitutes an ouster, and good cause of action. (Adams' Ej. 125 ; 6 Johns, 272 ; *Smith* v. *Shaw*, 16 Cal. 89–92, and authorities cited by appellant and by the Court ; Id. 220.) The second count alleges seizin of plaintiff's testator, unlawful entry by defendant, and ouster of said testator ; and both counts allege unlawful detention by defendant, death of testator, etc.

II. The executor of Hetherington can maintain the action. (Wood's Dig. 411, art. 231, secs. 195, 196.)

III. The stipulation admitted facts from which a tenancy resulted as a conclusion of law.

IV. There was no legal excuse for the absence of defendant's attorney.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The judgment is affirmed. We think the complaint sufficient within the rules laid down in *Payne and Dewey* v. *Treadwell* (16 Cal. 220). The point that the executor could not sue for damages for the trespass, is answered by the statute. (Woods' Digest, 411, secs. 195, 196.)

2. The stipulation *prima facie* was sufficient to maintain the action. The effect of it is to admit that the title was in Hetherington before the entry of defendant ; that the defendant entered under him ; and that she afterwards set up claim to the premises. The effect of these facts, if they had been proved, would be to show title in Hetherington, entry by his consent, and a holding in contravention of the tenancy. It is true that the stipulation adds to the admission of these facts that it is not designed to admit a tenancy ; but such is the legal effect of the facts expressly admitted ; and the qualifying terms have no effect of excluding the legal conclusions resulting from the admission of specific facts.

3. The discretion of the Court cannot be reviewed in its refusal to set aside the judgment for the cause assigned—the absence of the attorney at the time of the trial.

Judgment affirmed.

A petition for rehearing was filed, upon which BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Rehearing denied. It is scarcely necessary to notice the hypercriticism of the petition upon the language of the opinion—" the discretion of the Court below cannot be reviewed in its refusal to set aside the judgment for the cause assigned—the absence of the attorney at the time of trial." This language was not designed to assert the doctrine that this Court did not possess the power to review the action of the Court below on such applications, but merely that the facts of this case did not warrant such interference. The meaning of the statement is, that this Court cannot, in consistency with the rules of law in such cases, interpose—not because we have no jurisdiction of such matters, but because the matter invoked is improper, and therefore not warranted by law, under the facts of the case. To hold that an attorney can go off when he knows his case is set for a particular day, to try a case in another and distant Court, without making some arrangement in respect to the first case, or for having it attended to, and then claim to set aside a judgment obtained against him in the first suit, because of his absence, would lead to consequences too apparent to require illustration.

The second point insisted upon was fully considered, and we had not, nor have we now, the slightest doubt as to the true intent and meaning of the stipulation.