[No. 4,046.]

## JOHN J. EKEL v. FRANK SWIFT AND P. CALLAHAN.

47 619
83 230
47 619
122 572

VACATING A JUDGMENT.—When an attorney in a cause fails to attend a trial had at a regular term of the Court, and does not know that the cause is set for trial, and this failure and want of knowledge is caused by an illness of the attorney which was not sudden, but under which he had been laboring for a year, and the other party obtains a judgment for want of an appearance, the facts are not sufficient to warrant an order vacating the judgment.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The action was replevin. There was no appearance at the trial on behalf of the defendant and the plaintiff obtained a judgment. Subsequently the defendant applied to have the judgment set aside upon the grounds mentioned by the Court. The application was denied, and the defendant appealed from the order denying it.

*Hamilton & Dunlap,* for Appellant, cited Graham and Waterman on New Trials, vol. 1, p. 162; *Ogden* v. *Payne,* 5 Cow. 15; *Jones* v. *Fennimon,* 1 Iowa, 134; and *Triplett* v. *Scott,* 5 Bush, Ky. 81.

*McKune & Welty,* for Respondent, cited *Whitworth* v. *Murphy,* 29 Iowa, 472; and *Washer* v. *White,* 16 Ind. 137.

By the COURT:

The ground upon which the application to set aside the judgment below was rested in the main, was the misapprehension of the defendant's attorney as to the setting down of the cause. It had been set down for trial at the May term, 1873, but was not reached during that term owing to the ill health of the Judge of the District Court. At the following June term the May calendar of trial causes was taken up, and the causes undisposed of again set down for trial. The attorney of the defendant did not attend the June term, and the only reason given for his non-attendance was ill health—not a sudden attack, but the usual degree of indisposition under which he habitually labored and had suffered for more than one year previously to the trial, rendering him, as he says, at times "unable to attend the Court or attend to any business." The Court was held, and the cause subsequently tried in open Court in the same city in which the attorney resides.

Under such circumstances we cannot disturb the action of the Court below in denying the motion to set aside the judgment.

Judgment and order affirmed. Remittitur forthwith.