## COX v. O'NEIL and Another.

### No. 9285; July 29, 1884.

4 Pac. 456.

**Vacating Judgment—New Trial—Surprise—Newly Discovered Evidence.**—No surprise on the part of defendants being shown from the facts, and no new evidence being produced, the orders denying a motion to vacate judgment on the ground of surprise, and denying a motion for a new trial on the ground of newly discovered evidence, were properly made, and are affirmed.

APPEAL from the Superior Court of Santa Barbara County.

Joseph D. Redding for appellant; W. C. Stratton for respondent.

By the COURT.—1. There is no error in the judgment-roll in this case of which we can take cognizance.

2. There is no reviewable error in the order denying the motion made in behalf of the defendant to vacate the judgment on the ground of surprise. The motion was not supported by the affidavit of the defendant; it was made solely upon the judgment-roll and the affidavit of defendant's attorney, in which he deposed that he was prevented by mistake and surprise from appearing in court to attend to the trial of the case on the day that the case was set down for trial. But there is nothing in his affidavit, especially when considered in connection with the counter-affidavit of the plaintiff's attorney, which shows either mistake or surprise on the part of the attorney, caused by any act of the plaintiff or of his attorney, which prevented him from being present in court on the day of the trial. On the contrary, it appears that the attorney, in the exercise of ordinary prudence, could have been present, and that his nonattendance was not due to any fault or omission of duty on the part of his adversary. Under these circumstances, there was no legal mistake or surprise for which the judgment could have been set aside: Haight v. Green, 19 Cal. 113; Mulholland v. Heyneman, 19 Cal. 605; Ekel v. Swift, 47 Cal. 619.

3. There was no error in denying the motion for a new trial made on the ground of newly discovered evidence. The motion was not supported by the affidavit of the defendant nor of any witness who would testify to the alleged newly discovered evidence. Besides, the evidence itself only tended to prove a fact which was at issue in the case, and which was proved on the trial; and as the defendant was absent from the trial without legal excuse, the evidence alleged to have been discovered since would have been of no avail to him had he known of it before the trial.

Judgment and orders affirmed.