[No. 13402.   Department One. — February 28, 1890.]

JAMES McGUIRE, RESPONDENT, v. N. L. DREW ET AL., APPELLANTS.

VACATION OF JUDGMENT — NEW TRIAL — EXCUSABLE NEGLECT — OMISSION TO APPEAR AT TRIAL — ABSENCE FROM CHOICE. — Excusable neglect is not one of the grounds of motion for new trial under section 657 of the Code of Civil Procedure; but by section 473 of the same code it is one of the grounds, in addition to the ground of surprise, upon which a judgment may be vacated. Where negligence appears in the omission to appear or secure representation at the trial, it must be shown to be excusable, to justify relief on that ground. If the absence was not of necessity, but from choice of the party to consider his interest in the canvass of election returns of more concern than his interest in the trial of the action, his neglect of the trial is not excusable.

LXXXIII. CAL.—15

ID. — ACCIDENT AND SURPRISE — DEFINITION. — The terms "accident" and "surprise," though not strictly synonymous, have, as used in legal parlance, substantially the same meaning, as each is used to denote some condition or situation in which a party to a cause is unexpectedly placed, to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against.

ID. — NOTICE OF TRIAL — FAILURE TO ATTEND. — Where a party to an action has actual notice before the day of trial that the case was set for that date, and that no further postponement would be agreed to by the opposing party, and the case is tried in his absence, he is not entitled to have the judgment vacated and a new trial granted on the ground of accident and surprise.

ID. — SHOWING OF INJURY. — To entitle one who has failed to appear at trial to relief upon the ground of surprise, he must show that he has been injured by the trial in his absence, and that a different result would be reached if the judgment were vacated and a new trial had.

JURY TRIAL — WAIVER BY FAILURE TO APPEAR. — Though a jury trial may have been demanded by the defendant before the trial, it is waived by his failure to appear at the trial, and the court may dispense with a jury in such case.

TRIAL OF SEPARATE CAUSES TOGETHER. — DISCRETION — FAILURE TO DEMAND JURY TRIAL AND CONTINUANCE. — When two separate causes involving the same questions and set for the same day are tried simultaneously, the witnesses being separately sworn in each cause, but not separately examined, the cases are in effect tried separately; and such course is within the discretion of the court, though one of the parties fails to appear, if no injury results to such party. The attendance of counsel for the al ...nt defendant during the progress of such trial, who failed to demand a jury trial in the second cause, and to obtain a continuance for that purpose, owing to the trial having been commenced, shows no injury to the absent defendant, in the absence of a showing that a proper application for a jury trial and continuance of that cause would not have been granted.

ORDER — DEFINITION. — An order is a direction of a court or judge made or entered in writing, and not included in a judgment, settling some point of practice or some question collateral to the main issue presented by the pleadings, and necessary to be disposed of before such issue can be passed upon by the court, or necessary to be determined in carrying into execution the final judgment.

ID. — ORDER IN ABSENCE OF PARTY DEEMED EXCEPTED TO — RULING UPON EVIDENCE — FAILURE TO EXCEPT — DUTY OF COURT — SECONDARY EVIDENCE. — A ruling upon the admission of evidence in the absence of a party who has failed to appear at the trial is not an order made in the absence of a party deemed excepted to, within the meaning of section 647 of the Code of Civil Procedure. The failure of the party to be present and to except to the admission of secondary evidence, upon the ground that it is not the best evidence, will preclude the urging of error in that respect upon appeal, though it is the duty of the trial court, when only one side is represented at the trial, to insist upon the best evidence attainable.

Waiver of Findings — Failure to Appear. — Findings of fact are not necessary when the defendant fails to appear at the trial, but are waived by such failure.

Appeal from a judgment of the Superior Court of Sacramento County, from an order denying a new trial, and an order refusing to vacate the judgment.

The facts are stated in the opinion of the court.

*Thomas J. Clunie,* and *Andrew J. Clunie,* for Appellant.

*R. T. Devlin,* for Respondent.

Gibson, C. — This appeal is by T. J. Clunie alone, from a judgment rendered against himself and co-defendants, as partners, in an action prosecuted by plaintiff upon an account for material furnished to and work done for defendants; also from an order denying him a new trial, and an order refusing to vacate the judgment.

At the time this case was called and set for trial, another action was pending, which had been brought by Towle Brothers & Co. against the same defendants, as partners, except C. A. Drew, to recover upon an account for building material furnished to them, and it was set for trial for the same day, namely, November 14, 1888. Notice that the case had been set for trial on the date mentioned was given to the defendant Clunie. On the day of the trial, the plaintiffs and defendants in both cases, with their counsel, were present, except the defendant Clunie, who neither appeared in person nor by counsel. The court, it seems, proceeded with the trial of both cases at the same time, although no order of consolidation appears to have been made, but in the case here separate findings were made and a separate judgment thereon rendered in favor of the plaintiff and against the defendants N. L. Drew and T. J. Clunie, as partners under the name of Sacramento Warehouse Company, the court first having granted a nonsuit as to C. A. Drew, the other defendant.

Subsequently, defendant Clunie made a motion for a new trial, which was denied. He then moved to set aside the judgment, with a like result. The first motion was based upon the grounds of the irregularity of the proceedings on the trial; accident or surprise which ordinary prudence could not have guarded against; insufficiency of the evidence to justify the decision, and that the same was against law. And the second motion was upon the ground of mistake, inadvertence, surprise, and excusable neglect.

Excusable neglect is not one of the grounds of a motion for a new trial under section 657 of the Code of Civil Procedure, but by section 473 of the same code it is one of the grounds, in addition to the ground of surprise, upon which a judgment may be vacated. Hence we suppose appellant made the motion to vacate the judgment in order to avail himself of the ground of excusable neglect, and as this last motion embraces the ground of accident or surprise, and is more fully presented upon the affidavits that were used upon the hearing, we shall consider it first, and the disposition of it will include the other motion upon the ground last mentioned.

The facts relied upon to establish accident, surprise, or excusable neglect may be briefly stated as follows: —

At a general election in this state on November 6, 1888, appellant was a candidate for Congress in the fifth congressional district, embracing a portion of the city and county of San Francisco. The contest was very close between himself and his competitor; and in consequence his presence in the city on that day, and almost continuously until the 23d of November, was necessary, in order that he might see that the returns were properly canvassed and declared. Having previously succeeded in obtaining from counsel for plaintiff a postponement of the trial until after the day of the election, on account of his political engagements, and relying upon his for-

mer success, he requested another postponement by letter, which the counsel for plaintiff, on the 13th of November, telegraphed he could not accede to. Thereupon the appellant notified the judge before whom the case would come that he, appellant, could not be present on the 14th, and in the same telegram demanded a jury trial, believing that the judge upon the receipt of the telegram would order a jury and postpone the trial to some other day for that purpose. The appellant was the only witness who could prove the facts constituting his defense. Appellant's brother, at 9:15 o'clock in the forenoon of the 14th of November, by telephone, requested the law firm of Johnson & Johnson of Sacramento to move for a jury in and a continuance of this and the case of *Towle Brothers & Co.* v. *Clunie et al.* In compliance with this request, which was not received by them until after ten o'clock in the forenoon, they, or one of them, went to the court-room and found both cases upon trial, and, apparently for this reason, made no demand or motion. E. J. Dwyer, an attorney at law at Sacramento, also, on the same day, shortly after ten o'clock in the forenoon, went, on behalf of appellant, to the court-room for the same purpose, and finding both cases on trial, took no action. On the trial there was no evidence introduced on behalf of the appellant.

1. The terms "accident" and "surprise," though not strictly synonymous, have, as used in legal practice, substantially the same meaning, as each is used to denote some condition or situation in which a party to a cause is unexpectedly placed, to his injury, without any default or negligence of his own (see Bouvier's Law Dict.; Anderson's Law Dict.), which ordinary prudence could not have guarded against. (Code Civ. Proc., sec. 657, subd. 3.)

Whether the appellant was chargeable with notice of the setting of the case for trial on the 14th of November, under rule 13 of the trial court, set forth in the affidavit of counsel for respondent or not, it seems that he

had actual notice before the day of trial that the case was set for that date, and also knew on the day before the 14th that no further postponement of the trial would be agreed to by counsel for respondent. It was therefore his duty to have either appeared in person or by an attorney at the opening of the court on the day of the trial. (*Haight* v. *Green,* 19 Cal. 113; *Mulholland* v. *Heyneman,* 19 Cal. 605; *Ekel* v. *Swift,* 47 Cal. 619.) He must have known that the probable consequence of his failure to appear in person or by attorney at the trial would be a trial of the case in his absence. (See Code Civ. Proc., sec. 594.)

There is nothing in the affidavits used on behalf of the appellant to show any fault or omission of duty on the part of respondent or his counsel. It may be that the previous good nature of the latter misled the appellant, but as he had no right to suppose that it would continue indefinitely, he cannot complain because it was terminated by the telegram of the 13th of November. We are therefore unable to see how the appellant can claim to have suffered an accident or been surprised, when he knew or might have expected the result which followed his omission to appear or secure representation at the trial. He also fails to show another necessary quality to entitle him to relief upon the ground of surprise, namely, injury. (*Patterson* v. *Ely,* 19 Cal. 28; *Cook* v. *De la Guerra,* 24 Cal. 238; *Brooks* v. *Douglass,* 32 Cal. 208.) There is nothing presented to show that a different result would be reached.

2. The omission on his part to appear or secure representation at the trial amounted to negligence, and unless it was excusable, he is not entitled to any relief upon that ground. Now, it may be that the condition of the election returns were such that it was to the interest of the appellant to remain in San Francisco from the day of the election until the 23d of November, 1888, in order to ascertain the true result of the election, but we have

been referred to no law, and know of none, that required him to personally watch and guard the canvassing of the election returns. One the contrary, we must presume that the canvassing board would have properly performed its duty without his presence; from which it follows that appellant's presence at the canvassing of the election returns was a matter of choice, and not of necessity; and he, having chosen to consider his interest in the election of more concern than his interest in this action, cannot now avail himself of his neglect of the latter as something that ought to be excused. (*Haight* v. *Green, supra; Mulholland* v. *Heyneman, supra.*)

3. Regarding the demand for a jury trial, made by a telegram to the judge, sent by the appellant the day before the day of trial, it is sufficient to say, that even if the judge had ordered a jury upon the receipt of the telegram, yet, by reason of the failure of the appellant to appear in person or by counsel at the trial, the court was authorized to dispense with a jury. (Code Civ. Proc., sec. 631.)

4. Another irregularity urged is, that the court tried this case with that of *Towle Brothers & Co.* v. *Clunie et al.*, without the consent of appellant. It appears, from the statement on motion for a new trial, "that said court, on said fourteenth day of November, 1888, tried this cause and the cause of *Towle Brothers & Co.* v. *Clunie et al.*, then pending in said court, at the same time, and permitted the testimony of the witnesses taken in the said case of *Towle Brothers & Co.* v. *Drew et al.* to be used and considered as testimony in this cause, so far as applicable, without said witnesses being separately examined in this case, but they were separately sworn in each case; that said action of the court was taken by consent of the parties present, but without the consent or agreement of this defendant Thomas J. Clunie."

From this it appears that the cases were in effect tried separately. And the course pursued, we think, was

within the discretion of the court, and the appellant does not appear to have been injured by it. The only injury, he claims, that resulted from it is, that the counsel, who went to the court-room for him, on the day of the trial, and found both cases on trial, and then went away without doing anything, were prevented from demanding a jury trial in the second case, and obtaining a continuance for that purpose.

There is nothing in the record to show, and we are, therefore, unable to say, that if such counsel had made a proper application to the court for a jury in and for a continuance of the trial of the second case, that it would not have been granted.

5. It is further urged that the court erred in permitting N. L. Drew to testify to the partnership between himself and appellant, it appearing in evidence that the agreement relating to such partnership had been reduced to writing, and was then within the jurisdiction of the court, and that as the act of receiving such evidence was an order made in the absence of the appellant, it is deemed excepted to, under section 647 of the Code of Civil Procedure.

We do not understand that a ruling made during the progress of a trial, either admitting or excluding evidence, is an order within the meaning of the above section. By section 1003 of the Code of Civil Procedure, an order is defined as follows: "Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion." And by Bennett, J., in *Loring* v. *Illsley*, 1 Cal. 24, as "a decision made during the progress of the cause, either prior or subsequent to final judgment, settling some points of practice or some question collateral to the main issue presented by the pleadings, and necessary to be disposed of before such issue can be passed upon by the court, or necessary to be determined in carrying into execution the final

judgment." This, we think, is a correct definition, and shows the proper scope of the term "order," as used in the above section, relied upon by the appellant, and excludes a mere ruling upon the reception or rejection of evidence made during the course of a trial, which, under section 646 of the Code of Civil Procedure, must be excepted to at the time it is made, in order to be made available upon a motion for a new trial or on appeal.

The evidence complained of, although perhaps not the best that might have been had by the court, not having been excepted to upon the trial, cannot now be taken advantage of; and the absence of the appellant makes no difference. (*Clark* v. *Gridley*, 35 Cal. 398.) Beside, if the appellant desired to show that the best evidence referred to by him was different from that received by the court, he should have set it forth in his affidavit used in support of his several motions. We are of the opinion, however, that it is the duty of the trial court, when only one side is represented at the trial, to insist upon the best evidence attainable.

6. Appellant further contends that the evidence does not justify the findings and decision. Findings of fact were not necessary, so far as the appellant was concerned, because the Code of Civil Procedure, section 634, provides that they may be waived by the several parties to an issue of fact, by failing to appear at the trial. But we have reviewed the evidence, and find that it fully justifies the findings and decision.

As this disposes of all the points relied upon, we therefore advise that the judgment and orders appealed from be affirmed.

Belcher, C. C., and Vanclief, C., concurred.

· The Court. — For the reasons given in the foregoing opinion, the judgment and orders appealed from are affirmed.

Hearing in Bank denied.