H. HACKFELD & CO., Limited. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 5, 1903.)

No. 940.

1. ALIENS — DEPORTATION — ESCAPE FROM VESSEL—LIABILITY OF OWNERS— ERROR IN LOWER COURT.

Act Cong. March 3, 1891, c. 551, 26 Stat. 1086 [U. S. Comp. St. 1901, p. 1299], makes guilty of a misdemeanor the owner of a vessel who, having received back on board aliens ordered to be deported, neglects to detain them thereon, or refuses or neglects to return them to the port from which they came. In a prosecution under this act, it was stipulated that in returning Japanese immigrants defendant's steamship arrived at Honolulu; that the immigrants were locked in a room, and between midnight and 5 o'clock effected their escape through a porthole nearly 25 feet from the water; that this method of escape could not have been reasonably anticipated by the master or officers; and that the escape did not occur by reason of any negligence or lack of proper care on their part. The court below made no finding of fact further than that defendant was guilty as charged. *Held*, that as, notwithstanding the stipulation as to absence of negligence, the court might have found that defendant's agents were negligent, the question of liability in the absence of negligence was not presented for review.

In Error to the District Court of the United States for the District of Hawaii.

An information was filed against H. Hackfeld & Co., Limited, a corporation, charging it with violating the provisions of section 10 of the act of Congress entitled "An act in amendment to the various acts relative to immigration and the importation of aliens under contract or agreement to perform labor," approved March 3, 1891, c. 551, 26 Stat. 1086 [U. S. Comp. St. 1901, p. 1299], which provides as follows: "That all aliens who may unlawfully come to the United States shall, if practicable, be immediately sent back on the vessel by which they were brought in. The cost of their maintenance while on land, as well as the expense of the return of such aliens, shall be borne by the owner or owners of the vessel on which such aliens came; and if any master, agent, consignee, or owner of such vessel shall refuse to receive back on board the vessel such aliens, or shall neglect to detain them thereon, or shall refuse or neglect to return them to the port from which they came, or to pay the cost of their maintenance while on land, such master, agent, consignee, or owner shall be deemed guilty of a misdemeanor, and shall be punished by a fine not less than three hundred dollars for each and every offense; and any such vessel shall not have clearance from any port of the United States while any such fine is unpaid." The information alleged, in substance, that the appellant did refuse and neglect to return to the port of Yokohama two Japanese immigrants, Terujiro Yamoto and Hachiero Irie, whom it had brought from that port to the port of San Francisco, and who had been denied admission to the United States at the latter port. The case was tried before the court without a jury on an agreed stipulation of the facts. The stipulation of facts contains the following: "That on the 12th day of November, A. D. 1902, the said steamship Korea did arrive at the port of Honolulu, in the district and territory of Hawaii; that at the time of the arrival of said steamship Korea at said port of Honolulu the said immigrants were still on board of said vessel; that said Japanese immigrants, together with certain deported Chinese, were placed in a room on board said vessel, and locked up by the steerage steward of said vessel; at 12 o'clock midnight, of said 12th day of November, A. D. 1902, said Japanese were still on board said vessel in said room; that between that time and 5 o'clock on the morning of the 13th day of November, A. D. 1902, said Japanese had effected their escape; that the only method of egress was through portholes, which were nearly twenty-five feet above the water; that this method of escape could not have been reasonably anticipated by the master or officers or agents of said steamship Korea; that said escape did not occur by vis major or inevitable accident, and that said escape did not occur by reason of any negligence or lack of proper care on the part of the officers of the vessel or said defendant; that the said defendant made search for said escaped immigrants, but up to the present time have not apprehended the said immigrants, and said immigrants have not been returned to Japan." On this stipulation of facts the plaintiff in error was found guilty of the misdemeanor charged, and was adjudged to pay a fine of $600. To review that judgment the writ of error is taken.

J. E. Foulds and Kinney, Ballou & McClanahan, for plaintiff in error.

Marshall B. Woodworth, Robert W. Breckons, and Benjamin L. McKinley, Asst. U. S. Atty., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The plaintiff in error invokes the rule that a penal law must be strictly construed, and contends that within the meaning of section 10 of the act of 1891 there can be no neglect to comply with the obligation thereby imposed, if a reasonable attempt be made to perform the same. The case of Warren v. United States, 58 Fed. 559, 7 C. C.

A. 368, decided by the Circuit Court of Appeals for the First Circuit, is an authority adverse to this contention; but the plaintiff in error earnestly urges that the doctrine of that case involves a misconception of the true meaning of the statute, and it cites the case of United States v. Spruth (D. C.) 71 Fed. 679, in which the District Court of the Eastern District of Pennsylvania doubted the wisdom of such a construction of language in a criminal statute. In the view which we take of the record which is before us, it becomes unnecessary to enter into a discussion of this question. The case was tried before the court without a jury upon an agreed stipulation of the facts. In the stipulation appears the fact that the two Japanese who were ordered to be deported, and who had been taken by the plaintiff in error on its steamer from San Francisco to Honolulu en route to Japan, escaped from the vessel while she was lying at anchor at the port of Honolulu, and that they made their escape through portholes, from which they dropped or descended into the sea. The record contains no finding of fact by the court further than that the plaintiff in error was found guilty as charged, nor does it state the ground on which the trial judge found the plaintiff in error guilty of the misdemeanor charged. For aught that we know, the court found that by placing the men in the room, as it did, without taking precautions against their escape through the portholes, the plaintiff in error neglected to perform the obligation imposed upon it by the statute. It is true that the stipulation of the facts recites that the escape did not occur by reason of any negligence or lack of proper care on the part of the officers of the vessel or of the plaintiff in error, and that the method of the escape could not have been reasonably anticipated. But the court was not bound by these recitals, nor was it prevented thereby from placing upon the stipulated facts the construction which in its judgment they should properly bear. Haight v. Green, 19 Cal. 113. The assignment of error is that the court erred in rendering judgment upon the pleadings and the facts therein stated. If the trial court entertained the opinion, as may well have been the case, that the plaintiff in error was guilty of negligence in placing the deported persons in a room on board the vessel from which portholes, visible and open, afforded means of escape to any one who could swim a short distance to the shore, we, in our own view of the facts, could find no ground to question the correctness of that conclusion. The rule is that the burden is on the plaintiff in error to show error in the trial court. In this case we think it has failed to meet the requirement of the rule.

The judgment will therefore be affirmed.