[Civ. No. 66722. Second Dist., Div. Four. Mar. 18, 1983.]

PAUL O. JACKSON, Plaintiff and Appellant, v.
BANK OF AMERICA, Defendant and Respondent.

56

**COUNSEL**

Smith & Hall and James W. Hall for Plaintiff and Appellant.

Ullar Vitsut, Robert D. Donaldson, Roger D. Reynolds and Judith Ilene Bloom for Defendant and Respondent.

## OPINION

**WISOT, J.***—In November 1979, plaintiff filed his complaint for money due against defendant bank. He alleged therein that he had signed a promissory note to the bank as a guarantor for another. Plaintiff had placed with the bank as security certain City of Detroit Improvement Bonds having a principal value of $50,000.

Plaintiff's complaint charged fraud in the bank's failure to inform plaintiff that the principal borrower had increased an·original loan from $23,000 to almost $40,000, and had defaulted in payments on that loan. Plaintiff sought judgment releasing him from liability as the guarantor of the note. In September 1980, the bank notified plaintiff that the bonds held by the bank on plaintiff's note would be sold unless additional security was deposited. On October 14, 1980, after notice to counsel for the bank, plaintiff obtained an order to show cause and temporary restraining order restraining the bank from selling, transferring, or otherwise disposing of plaintiff's bonds. Contemporaneously with the restraining order, plaintiff filed his first amended complaint. Plaintiff therein sought judgment to include rescission of plaintiff's promissory note, restitution of all funds and securities given by plaintiff, a preliminary injunction enjoining disposition of the bonds, general damages in excess of $43,000, and punitive damages.

On October 15 plaintiff's process server appeared at the offices of counsel for the bank to personally serve the temporary restraining order and the first amended complaint. From the record before us, it appears that the bonds were sold while the process server was waiting in the reception area and before personal service could be accomplished. There is some suggestion in the record that the bonds were sold by the bank to the bank's own trading account or investment portfolio. Plaintiff demanded, but apparently never received information confirming the time of execution of the sale transaction and identity of the buyer.

As a result of telephone conversations between counsel for the parties, the show cause hearing on the preliminary injunction was placed off calendar. Although there may have been further telephone communications between counsel, no answer to the amended complaint was filed. The next event of record was a default entered at plaintiff's request on December 15, 1980, with a declaration of mailing to counsel for the bank.

On July 1, 1981, the bank filed its notice of motion for relief from default. This motion came on for hearing on July 16, 1981, and was submitted on the

---

*Assigned by the Chairperson of the Judicial Council.

declarations of counsel, points and authorities and argument. Without any recitation of reasons, the court granted the motion for relief from default. From the order granting relief, plaintiff appeals.

## DISCUSSION

■ Although Code of Civil Procedure section 473 is to be liberally applied to grant relief from default, so that issues may be tried on their merits, we find nothing in the foregoing facts to justify the grant of relief in this case. Further, it appears that the bank did not timely qualify for the relief provided by that section. These circumstances present a clear abuse of discretion. (*Weiss* v. *Blumencranc* (1976) 61 Cal.App.3d 536, 541 [131 Cal.Rptr. 298].)

The bank urged in its moving papers that there was excusable neglect in that, after the bonds were sold, counsel believed the entire case was moot. The bank therefore put its litigation file on "inactive status" and filed no answer. ■ On a motion for relief from default, the moving party has the burden of showing that the neglect leading to default was excusable. "Neither mistake, inadvertence, or neglect will warrant relief unless upon consideration of all the evidence it is found to be of the excusable variety. (*Ford* v. *Herndon* (1976) 62 Cal.App.3d 492, 496 [133 Cal.Rptr. 111]; *Elms* v. *Elms* (1946) 72 Cal.App.2d 508, 513 [164 Cal.Rptr. 936, 102 A.L.R. 811]; *Hughes* v. *Wright* (1944) 64 Cal.App.2d 897 [149 P.2d 392].) To entitle [a party] to relief the acts which brought about the default must have been the acts of a reasonably prudent person under the same circumstances. (*Elms* v. *Elms, supra,* 72 Cal.App.2d at p. 513; see also *McGuire* v. *Drew* (1890) 83 Cal. 225 ]23 P. 312].)" (*Conway* v. *Municipal Court* (1980) 107 Cal.App.3d 1009, 1017 [166 Cal.Rptr. 246].)

■ There is no question of credibility involved here; the bank candidly recognizes that because of its assumption that the case was moot, it considered itself under no obligation to file an answer. Such an assumption has its attendant risk: the bank was wrong in its assumption and its neglect was not of the excusable variety. (*Conway* v. *Municipal Court, supra.*)

■ The bank further urges that the trial court order granting relief should be sustained because no notice of default was received by the bank. The declaration of mailing was deficient, according to counsel, because it was not addressed to include the floor or suite number of her office in a large office building. We find this argument somewhat disingenuous. The mailing was directed to counsel, by name, as counsel for the bank, at the proper address, a building which serves as principal headquarters for the bank.

We are not unmindful of the realities of mail delivery at one of the largest buildings in Los Angeles. The mailing address utilized, however, is in substan-

tial compliance with section 1013 of the Code of Civil Procedure. (*Douglas* v. *Janis* (1974) 43 Cal.App.3d 931, 936-937 [118 Cal.Rptr. 280].) Further, we recognize that Code of Civil Procedure section 587 specifically provides that nonreceipt of notice does not invalidate a judgment. Similarly, we find no merit in the bank's contention that relief from default could be granted for nonreceipt of service. (*Stevenson* v. *Turner* (1979) 94 Cal.App.3d 315, 318 [156 Cal.Rptr. 499].)

 Finally, the trial court abused its discretion by granting relief sought more than six months after the entry of default. In the absence of extrinsic fraud, the six-month limitation of Code of Civil Procedure section 473 is jurisdictional. (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 855 [48 Cal.Rptr. 620, 409 P.2d 700].) Here the trial court was not asked to grant relief on the basis of extrinsic fraud, but nevertheless ordered relief after having expressly found the motion was made beyond the six-month period provided by the statute. This constitutes an abuse of discretion.

The order granting relief from default is reversed.

McClosky, Acting P. J., and Amerian, J., concurred.

A petition for a rehearing was denied April 12, 1983.