[No. 9781. Department Two.—August 17, 1885.]

MARKS ZELLERBACH, APPELLANT, *v.* CHARLES ALLENBERG ET AL., RESPONDENTS.

JUDGMENT—WHEN SET ASIDE ON THE GROUND OF FRAUD.—A judgment at law will be set aside on the ground of fraud only when the fraud was practiced in the act of obtaining the judgment, and the party against whom it was rendered and his counsel are free from negligence.

APPEAL from a judgment of the Superior Court of Sierra County.

The facts are stated in the opinion of the court.

*R. H. Taylor,* and *T. M. Osment,* for Appellant.

The judgment should be set aside because of the fraud practiced on the plaintiff. (*Foster* v. *Wood,* 6 Johns. Ch. 87; *Ocean Ins. Co.* v. *Fields,* 2 Story, 59; *Carrington* v. *Holabird,* 17 Conn. 530; *Cowin* v. *Toole,* 31 Iowa, 513; *Hayden* v. *Hayden,* 46 Cal. 332; *Pratt* v. *Northam,* 5 Mason, 95; *Noyes* v. *Loeb,* 24 La. An. 48; *Read* v. *Harvey,* 23 Ark. 44; *Warner* v. *Blakman,* 4 Keyes, 507; *Burch* v. *Scott,* 1 Bland, 112; *Ogden* v. *Larrabee,* 57 Ill. 389; *Shinkle* v. *Litcher,* 47 Ill. 216; *Hahn* v. *Hart,* 12 Mon. B. 426; *Wales* v. *Bank of Mich.* Har. (Mich.) 308; *Hubbard* v. *Hobson,* Breese, 190; *Baltzell* v. *Randoph,* 9 Fla. 366; 2 Story Eq. Jur. 894.)

*Jarboe & Harrison,* for Respondents.

MYRICK, J.—The complaint in this case was filed to set aside, on the ground of fraud, a judgment which had been

obtained by Allenberg and Goldstein against Zellerbach. In the court below, judgment on demurrer was rendered for the defendants.

The case, as presented by the plaintiff herein, why the judgment in the former case should be set aside, is substantially as follows : Allenberg and Goldstein commenced an action against Zellerbach to foreclose a mortgage executed by the latter to Allenberg. In the complaint in that case, it was alleged that the mortgage was given to secure the payment of a note for $50,000 and interest, executed by Zellerbach to Goldstein, an indebtedness of Zellerbach to Allenberg of $9,000 and interest, and advances and loans to be made by Allenberg to Zellerbach. It was also alleged that Allenberg paid out $25,000 in excess of issues, in the management of the mortgaged property. The mortgaged property consisted of several mines and ditches and appurtenances, embracing all the property of Zellerbach in the county, together with 30,000 shares in a mining company, and 1000 shares in a canal company. Zellerbach, in his complaint in this case, avers that, in his answer in the former case he admitted the making of the note and the indebtedness to Goldstein, but claimed that Allenberg had received $14,000 for dividends on the canal company stock, and $1,500 cash. ·

The court in that action found that Zellerbach was indebted, on the obligations alleged in the complaint therein, in the sum of $91,474.15, and that Allenberg had paid out $11,251.41 in the management of the property, and rendered judgment of foreclosure and sale. The plaintiff Zellerbach then proceeded in his complaint in this action, to aver that he was extensively engaged in business; that Allenberg was his confidential agent and manager of his business, having almost exclusive control thereof; that Allenberg represented to plaintiff that money was needed to carry on the business, and that Goldstein had money to loan; that acting solely on the representations of Allenberg, he drew on Goldstein for $30,000, which was paid; that Allenberg handed plaintiff $7,853.15, representing it to be a loan from Goldstein, and that the $50,000 note was given for these sums and interest thereon; that at the time he gave the note, and when the decree was rendered in the former action, he believed he was indebted to Goldstein in the sum named in the note, less the

credits claimed, but that since the date of that decree he had been informed and believed, and therefore alleged, on information and belief, that the sums supposed by him to have been loaned to him were, in fact, moneys which Allenberg had abstracted from him in the management of the business, and induced, by collusion with Goldstein, plaintiff to believe was the money of Goldstein, and was in truth the property of plaintiff.

It will be observed that the plaintiff in this action does not aver that Allenberg or Goldstein, by any act, prevented him from ascertaining before he executed the note the true condition of his affairs; neither does he aver that he could not, with the ordinary prudence of a business man, have ascertained such condition; for aught that appears, he might have examined his books and accounts then, and he might have examined them at any time before the trial of the former case. If it be true that Allenberg falsely abstracted the plaintiff's funds, and by collusion with Goldstein loaned them to plaintiff, it does not appear. but that plaintiff might, with reasonable attention to his business, have ascertained the fact and made the defense in the former action.

It is not enough for the purposes of this action that he should have been ignorant of the alleged wrong at the time of the former trial; that ignorance must have been caused by the acts of Allenberg or Goldstein, or by his own misfortune, which reasonable prudence would not have guarded against. He does not aver that Allenberg had the entire management of the business, or that he made false entries in the books, or prevented inquiry or examination; nor does he aver any fact tending to show that Allenberg or Goldstein prevented him from making a defense nor from ascertaining the facts necesaary to the defense.

Where a judgment is attacked and sought to be set aside for fraud, the "fraud must have been practiced in the very act of obtaining the judgment, or else it will be concluded by the judgment at law, where fraud is equally a defense as in equity." (2 Story's Eq. Jur. 1575.)

"The rule of the best considered and more recent cases upon the subject is that the party must have failed in obtaining redress in the suit at law by the fraud of the opposite party, or inevitable accident or mistake, without any default either of the

party or his counsel." (2 Story's Eq. Jur. 1574, n.; *French* v. *Garner*, 7 Port. 549; *Ede* v. *Hazen*, 61 Cal. 360; *Wier* v. *Vail*, 65 Cal. 466; *U. S.* v. *Throckmorton*, 98 U. S. 61.)

We think the judgment of the court below, in this case, is correct; it is therefore affirmed.

MORRISON, C. J., and THORNTON, J., concurred.