## S. P. SNOW v. C. W. MITCHELL.

### *Motion for Rehearing.*

THE defendant filed a motion for a rehearing, which the court overruled at its session in January, 1888.

*Per Curiam:* The cause of action set forth in the plaintiff's petition is a judgment rendered in the district court of Arapahoe county, Colorado. "The only defense set forth in the defendant's answer is, that the judgment which constitutes the basis of the plaintiff's action was founded upon another judgment, which was founded upon a promissory note which was indorsed by the defendant without consideration;" or, to state the defense in other words, it is this: A promissory note constitutes the basis and foundation of all the subsequent proceedings constituting the plaintiff's cause of action, and that note was merely indorsed by the defendant, and that without consideration. The first question naturally presenting itself is this: Why did not the defendant set up his defense in the original action brought upon this promissory note in the United States circuit court for the district of Kansas? Has he not failed to exercise proper diligence? His answer to the plaintiff's petition is sufficiently set forth in the original opinion filed in this case, and need not be repeated. It was held in that opinion, but without elaborate argument, that the defendant did not set forth facts sufficient in his answer in this case to excuse his failure in not setting up his defense in one of the foregoing actions. As the defendant has now filed a motion for a rehearing, it will be proper to add a few words. It is not stated in the defendant's answer, nor is it anywhere shown, that the said note was a negotiable instrument, and if it was a negotiable instrument, and if it was payable to order, then there is a failure to make any statement or showing that it was ever *indorsed by the payee* or the holder thereof; nor is it stated or shown when it became due, or that it was transferred

before due. The defendant was not the payee of the note, and was never the owner or the holder thereof, and of course could not indorse the note as a payee or holder. He probably indorsed it as a guarantor. Now if the note was *not a negotiable* promissory note, or it was negotiable and payable to the payee or *order* and *not indorsed by the payee*, or if it was transferred *after due*, the defendant could have set up his defense in the first action brought upon it, whoever might have held it, or whoever might have brought the action upon it. The failure of the defendant to allege the facts concerning these matters must be construed against him, and as showing that he was negligent in not setting up his defense in the former actions. The defendant uses the word "*indorse*" when he speaks of his own indorsement on the note, but he uses the words "assignment" and "assignee" when he speaks of the transfer of the note from S. P. Snow, the payee thereof, to Lucius Snow. Neither is it stated in the answer or shown that the defendant exercised *any diligence* to ascertain whether the note was a *negotiable* promissory note, or not; or whether it was payable to *order*, or not; or whether it was *indorsed* by the payee, or not; or whether it appeared to be transferred *before due*, or not; or whether Lucius Snow was in fact a *bona fide* holder of the note *for value*, or not. Indeed, the only diligence alleged by the defendant in his answer is, that he elicited from his own attorneys the opinion or advice "that because of the *assignment* of said note to a third party, he could not plead the want of consideration." But what investigation his attorneys made, or what fact they were acquainted with, is not stated or shown. Now taking it as true that the defendant indorsed the note without consideration, and that the payee thereof, S. P. Snow, assigned it to Lucius Snow without consideration, and for no other reason than that it might appear to be in the hands of a *bona fide* holder, and then that Lucius Snow, who was not the real party in interest, and for the reason that he was not the real party in interest, wrongfully and fraudulently obtained a judgment upon the note in the United States circuit court for the district of Kansas, and that he then for the same

reason wrongfully and fraudulently obtained a second judgment upon the first judgment in the district court of Arapahoe county, Colorado, still we think the defendant cannot interpose his defense of a want of consideration for his indorsement of the aforesaid note in the present action, for by his failure to interpose it in the former actions he has lost the right to interpose it anywhere. No fraud is alleged except the aforesaid assignment of the note by S. P. Snow to Lucius Snow, and afterward and by reason of such assignment obtaining the two judgments aforesaid in favor of Lucius Snow, who, it is alleged, had no real interest in the note. From anything stated or shown, the judgments were obtained fairly and regularly in every other respect. Again we would announce the rule of law, that "no defense can be set up against a judgment which might with proper diligence have been interposed in the action in which the judgment was rendered." Among the cases having some application to this case, we would cite the following: *Christmas v. Russell*, 5 Wall. 290, 303; *Maxwell v. Stewart*, 22 id. 77; *Hawes v. Hathaway*, 14 Mass. 233; *Zellerbach v. Allenberg*, 7 Pac. Rep. 908.

The motion for the rehearing will be overruled.