[Civ. No. 592.    First Appellate District.—August 31, 1909.]

ROSE B. GILLINGHAM, Respondent, v. EDWARD LAW-
RENCE, Appellant.

JUDGMENT BY DEFAULT—MOTION TO VACATE—DISCRETION—REVIEW UPON
APPEAL.—A motion to vacate a judgment by default for alleged
mistake, inadvertence or excusable neglect of the defendant rests
largely in the discretion of the trial court; and it is only where
it plainly appears that such discretion has been abused that this
court will interfere. Its action in denying the motion will be
sustained where no such abuse of discretion appears.

ID.—DISCRETION NOT ABUSED—GROSS CARELESSNESS—SUMMONS UN-
HEEDED—ATTORNEY NOT EMPLOYED.—Where the defendant was
guilty of gross carelessness in not heeding the summons which re-

quired him to appear and answer within thirty days, and in employing no attorney until thirty days after the entry of the judgment by default against him, the court did not abuse its discretion in refusing to set aside the judgment by default.

ID.—CONFLICTING AFFIDAVITS—PRESUMPTION UPON APPEAL.—Where the affidavit of the defendant sets forth an agreement of plaintiff's attorney to notify defendant of the time for trial, and that he rested without answer on that agreement, and plaintiff's attorney, in a counter-affidavit, denies any such conversation or agreement, and states that he notified defendant that he would have to file his answer and should get an attorney, which he declined to do, stating that he would be his own attorney, this court must presume that the trial court believed the statements made in the affidavit of plaintiff's attorney.

ID.—WILLFUL SLUMBERING UPON RIGHTS—FLIMSY EXCUSES—DUTY OF DEFENDANT.—Where a party willfully slumbers upon his rights when he should be alert, and makes no efforts to protect himself, courts cannot patiently listen to flimsy excuses and the claim of ignorance of law. It was the duty of the defendant to read the summons and to heed it.

APPEAL from a default judgment and from an order of the Superior Court of the City and County of San Francisco, refusing to vacate the same. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Charles R. Holton, for Appellant.

James A. Davis, for Respondent.

COOPER, P. J.—This appeal is from a default judgment and from an order denying defendant's motion to vacate the same. The defendant was personally served with summons on May 13, 1908, and his default duly entered on June 13th of the same year after the thirty days had expired which were allowed him by law in which to answer. On July 16th he served and filed a notice, accompanied by affidavits, to be relieved of the default, claiming that it occurred through his mistake, inadvertence and excusable neglect. In the affidavit of defendant he states that he did not know that he had to file a written appearance or answer, and that he did not go to his own attorney, but went to the office of the plaintiff's attorney, had a conversation with plaintiff's attor-

ney relative to the case, in which defendant stated that if plaintiff's attorney would appoint a day for the trial he, defendant, would be on hand with his attorney, and that plaintiff's attorney replied "All right." Defendant further averred that he relied upon such statement, and expected plaintiff's attorney to notify him when the case was ready for trial, and that, relying upon such statement, he took no further steps in the matter.

An affidavit was filed on behalf of the plaintiff, in which plaintiff's attorney denies that any such conversation ever took place, or that he ever in any way stated anything to cause defendant to believe that he would notify him when the case would be ready for trial. Plaintiff's attorney further states in his affidavit that defendant, after being served with the summons, came to his office, and assumed a belligerent attitude, informing the attorney that he would fight the case to a finish, whereupon plaintiff's attorney notified defendant that he did not care to discuss the matter with him; that defendant would have to file an answer and should get an attorney, whereupon defendant replied that he did not want a lawyer, that he would be his own lawyer.

Defendant did not employ any lawyer nor take any steps in the case until more than two months after he was served with summons.

As has been said many times, a motion to set aside a default judgment rests largely in the discretion of the trial court. It is only in cases where it plainly appears that such discretion has been abused that this court will interfere. It is sufficient to say that in this case no such abuse of discretion appears. The defendant could read, and the summons expressly told him the time within which he must appear and answer. He let the time pass, and never even consulted an attorney. He was guilty of such carelessness and lack of diligence as could not be imputed to a prudent business man in a matter of material concern to himself. While courts are liberal in relieving parties of defaults caused by inadvertence or excusable neglect, and while they much prefer that a case should be heard on its merits, yet they do not act as guardians for incompetent parties or parties who are grossly careless as to their own affairs. There must be rules and regulations by which rights are determined and

under which judgments become final. If this court should determine that the defendant, as matter of law, was entitled to relief in this case, there could scarcely be a default judgment that would not have to be set aside, provided the proper affidavits could be procured from the defendant. We must presume that the court believed the statements made in the affidavit of plaintiff's attorney, and that the defendant was told that he must file an answer and get an attorney. Where a party willfully slumbers upon his rights when he should be alert, and makes no efforts to protect himself, courts cannot patiently listen to flimsy excuses and the claim of ignorance of the law. It was the duty of defendant to read the summons, and not only to read it but to heed it.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.