[Civ. No. 26070.   Second Dist., Div. Two.   Oct. 24, 1962.]

JERRY LOVELACE, Plaintiff and Respondent, v. SAMUEL GREENFIELD, Defendant and Appellant.

Leslie, Bernson & Seton, Harold B. Bernson and Gilbert D. Seton for Defendant and Appellant.

Fishkin & Goldberg and Seymour S. Goldberg for Plaintiff and Respondent.

ASHBURN, J.—Defendant Greenfield appeals from order denying his motion to vacate default and judgment by default rendered against him. The motion specifies the ground "that said default and judgment were entered as the result of extrinsic mistake and fraud." The motion was heard on May 5, 1961 and denied on May 18, 1961.

Lovelace on October 23, 1959, sued for damages for personal injuries received by him on April 9, 1959, through alleged negligence in the installing and maintaining of a water meter

in the sidewalk area of Sherman Way in Canoga Park; he named as defendants, Greenfield, the owner of the adjoining property upon which a building was being constructed; C. R. Bowen, the contractor; Neal Behrendrinker, plumbing subcontractor, and the City of Los Angeles. Summons and complaint were served upon Greenfield in Los Angeles County on January 19, 1960 and, no appearance having been made, his default was entered on February 29, 1960; hearing upon the default was held and judgment rendered against Greenfield and Behrendrinker on February 20, 1961.

Appellant's declaration in support of the motion avers that prior to service of summons upon him he received a letter informing him of the injuries to plaintiff, doubtless a letter which plaintiff's attorney Goldberg sent to appellant on April 21, 1959, advising him of Mr. Lovelace's injuries and his intention to hold appellant responsible, making demand upon him, asking him to notify his insurance carrier, and notifying him that legal proceedings would be instituted if he were not heard from within five days. Receiving no response, attorney Goldberg on June 10, 1959, sent appellant another letter of similar import. Goldberg's declaration in opposition to the motion states that a meeting was held at the site of the accident on August 4, 1959, appellant being present and identifying himself. Goldberg "asked Mr. Greenfield if he had received any correspondence from my office concerning an accident that had occurred on April 9. He told me that he had received said letters but that he had no intention of cooperating with me whatsoever; that he had himself been injured when he was younger and that he did not try and get any money from anybody and he had no sympathy or patience with any attorney or client who tried to get money just because they were hurt. He told me that I could do whatever I wanted to but he assured me that he would have nothing to do with this matter." On March 14, 1961, following the request for entry of default, Goldberg called appellant and had a conversation with him during which appellant admitted that he was served with some papers in the action but stated that he did not remember what he had done with them. He said that normally he doesn't bother with such things and "that this case was not his problem and that the builder was responsible"; he would not cooperate in any way. On the same day Goldberg wrote Greenfield informing him that judgment had been entered against him. Mr. Goldberg further asserts that at no time prior to April 4, 1961, the date of the levy on appellant's

automobile, had Mr. Goldberg received any communication from appellant or from anyone representing him in the matter.

William O'Rourke, an employee of the Department of Water and Power, also filed a declaration in opposition to the motion to vacate the default. He stated that he investigated the accident in connection with his duties. On July 10, 1959, he called appellant at his place of business, and told him that a claim had been filed against the Department of Water and Power in connection with the accident. ''I indicated that I wanted to get some information as to who was working at the property at the time of this incident. Mr. Greenfield stated that he had received letters from the attorney but that he was just ignoring them. He said that both he and the contractor, Chester Bowen, were covered by insurance. Mr. Greenfield's attitude was very indifferent and his quotation was 'to hell with the attorney—let him have fun' . . . Mr. Greenfield did not want to discuss this matter and would not give out any information regarding the background of work operations.'' O'Rourke also confirmed Mr. Goldberg's declaration as to the meeting on August 4, 1959, and appellant's general attitude and statements at that time.

Appellant's explanation of the foregoing matters and the basis of his claim of extrinsic fraud and mistake are found in his supporting declaration. He says that immediately after receiving the above mentioned letter at some time before January 19, 1960, he discussed the matter with C. R. Bowen, the contractor on the job; that Bowen said he was insured and ''he would take care of this matter which was of mutual concern;'' shortly after service of summons and complaint on January 19, 1960, he mailed copy of same to Mr. Bowen and telephoned him that he had mailed said papers; Bowen replied that the matter would be taken care of. ''Since that date I have been under the mistaken belief that the Complaint had been answered on my behalf and that I would have my day in Court and, in the event a judgment was entered against me, C. R. Bowen's insurance company would take care of the matter. On April 4, 1961, my automobile was picked up and I learned for the first time that a judgment for $6,000 had been entered against me. I immediately contacted Jacques Leslie, attorney at law, who has been my attorney for eleven years. His office immediately ordered photostatic copies of the within action which were received in Mr. Leslie's office on Tuesday, April 18, 1961. Whereupon my attorneys, Leslie, Bernson, Johnson & Wolf, filed this motion as soon as pos-

sible.'' Goldberg's declaration says that neither Bowen nor his attorney at any time indicated that they were acting in appellant's behalf. Appellant's declaration says that on February 28, 1961, about a year after his default was entered, the court dismissed the action with prejudice as to Bowen and other codefendants, each having made a settlement with plaintiff; that settlement and dismissal took place in spite of the fact that Bowen had promised appellant that he would take care of the matter; that Bowen knew that his representation was false when he made it and that he made the statement for the purpose of inducing appellant's reliance. Appellant asserts that he justifiably relied upon Bowen's representations. Appellant further states in a supplementary declaration that ''at all times herein SEYMOUR GOLDBERG knew and was informed by me that I was sure that I was being taken care of in this matter but, nevertheless, wilfully refused and failed to inform me of the true nature of the proceedings. Plaintiff's attorney willfully and with the intent to lull Defendant into a false sense of security, refrained from proceeding in this action until Defendant's rights under Section 473 of the Code of Civil Procedure were barred by lapse of time.''

As previously indicated appellant rested his motion to vacate upon an appeal to the court to exercise its broad equitable power to grant relief against extrinsic fraud and mistake either upon motion made in the action or through disposition of an independent equity action.

■ *Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328]: ''One who has been prevented by extrinsic factors from presenting his case to the court may bring an independent action in equity to secure relief from the judgment entered against him. [Citation.] Where the court that has rendered the judgment possesses a general jurisdiction in law and in equity, the jurisdiction or equity may be invoked by means of a motion addressed to that court.'' (Pp. 575-576.)

■ At page 575, the opinion states that '' 'where the legal judgment was obtained or entered through fraud, mistake or accident, or where the defendant in the action, having a valid legal defense on the merits, was prevented in any manner from maintainging it by fraud, mistake, or accident, and there had been no negligence, laches, or other fault on his part, or on the part of his agents, then a court of equity will interfere at his suit, and restrain proceedings on the judgment which cannot be conscientiously enforced.' '' (*Evry* v. *Tremble,* 154 Cal.App.2d 444, 448 [316 P.2d 49]; *Bacon* v. *Bacon,* 150 Cal.

477, 488 [89 P. 317]; *Champ̃n* v. *Woods,* 79 Cal. 17, 22 [21 P. 534, 12 Am. St. Rep. 126]; *Zellerbach* v. *Allenberg,* 67 Cal. 296 [7 P. 908].)

*Galper* v. *Galper,* 162 Cal.App.2d 391 [328 P.2d 487], involved an attempt by motion, made nine months after entry of default to set aside the default, under the general equity jurisdiction of the court. The motion was denied and an appeal was taken. ■ Affirming the order, the opinion says: "The motion was heard entirely on affidavits and counteraffidavits. In considering an appeal from an order made on a motion based on affidavits, and which involves the determination of a question of fact, if there is any conflict therein, those facts favoring the respondent are accepted by the reviewing court as true, and since all intendments are in favor of the ruling of the lower court, the affidavits in behalf of the successful party are deemed not only to establish the facts directly stated therein, but all facts reasonably to be inferred from those stated. [Citations.]" (P. 393.)

At pages 396-397: "If appellant is to prevail on this appeal, he must show an abuse of discretion on the part of the trial court in holding that the facts were not sufficient to justify an exercise of its 'inherent power' to vacate the judgment.

■ "A motion to set aside a default judgment is addressed to the sound discretion of the trial court and, in the absence of a clear showing of abuse in the exercise thereof, an appellate court will not disturb the order of the court below. (*Stub* v. *Harrison,* 35 Cal.App.2d 685 [96 P.2d 979].) In the main, appellant relies upon the language of the court in *Dei Tos* v. *Dei Tos,* 105 Cal.App.2d 81 [232 P.2d 873], to point up the power of the court to vacate a default judgment when a condition not amounting to fraud occurs preventing defendant, through no fault of his, from having his day in court. A reading of the authorities upon which the court there relied, and the cases of *Hallett* v. *Slaughter,* 22 Cal.2d 552 [140 P.2d 3] and *Bartell* v. *Johnson,* 60 Cal.App.2d 432 [140 P.2d 878], cited by appellant, convinces us that although 'extrinsic accident and mistake of fact' may, in some situations, be a proper basis for the exercise of the court's equitable jurisdiction to vacate a default judgment more than six months after entry of default, whether such a condition exists is a question of fact depending entirely upon the particular circumstances in each case. See also *Larrabee* v. *Tracy,* 21 Cal. 2d 645 [134 P.2d 265]."

■ On page 397: "[R]ealizing that circumstances not

amounting to extrinsic fraud, but of a serious nature for which defendant was not responsible and which prevented him from being heard, may exist to create an injustice, our courts in a limited number of situations have exercised their 'inherent power and jurisdiction' to relieve the defaulting party from a judgment where it is probable that an injustice has resulted. The courts have labeled such situations 'extrinsic accident' and 'mistake of fact' but in doing so, have made it plain that the lack of vigilance on the part of the person seeking to be relieved must be such as would not have occurred with a man of ordinary care and prudence under the circumstances.''

It is appellant's contention that because his assertions of fact with respect to his mistake are not controverted, the trial court should have granted his motion. The law is to the contrary (2 Cal.Jur.2d § 33, p. 641). Appellant is a businessman and states that he has been represented by an attorney for 11 years. The declarations present a question of fact as to whether his failure to appear in this matter was a result of the representations of Bowen or of his own inexcusable neglect. The trial court well could have been of the opinion that a man of appellant's experience should not have relied merely upon the representations of Bowen but should have pursued the matter to ascertain whether, in fact, he was being represented in the action. It does not appear that the trial court abused its discretion in this matter.

Appellant relies on the case of *Newton* v. *De Armond,* 60 Cal.App. 231 [212 P. 630]. The case is cited for the proposition that mistake arising from the representations of a third party ''that everything will be taken care of'' is extrinsic mistake which entitles the injured party to relief under the general equity powers of the court. In that case the defendant was served, saw an insurance agent who also insured a codefendant, and the agent told defendant that he had attended to the matter. The appellant thought that this meant he would be represented. His default was entered and he received notice of default and judgment. The error having become apparent, defendant obtained his own attorney and, so far as appears from the opinion, moved for relief from default within the six month time limit set forth in Code of Civil Procedure section 473. The grounds for relief were stated in the opinion to be inadvertence, surprise and excusable neglect according to the statute. The holding is that, under the facts stated, appellant was entitled to relief under the statute, not pursuant to the general equity powers of the court.

In the instant case the motion was not made within six months following the entry of default but barely within 14 months. The trial court could well have considered this extensive lapse of time in arriving at its conclusion.

The contention is also made by appellant that attorney Goldberg filed a false affidavit re military service in that the affidavit asserted that appellant told Goldberg that he was not in military service. Appellant denies having made that statement. Appellant's declaration and Goldberg's affidavit re military service merely present a question of fact which was decided adversely to appellant.

The order is affirmed.

Fox, P. J., and Herndon, J., concurred.