[Civ. No. 23963.   First Dist., Div. Three.   Jan. 15, 1968.]

NESS M. DAHER, Plaintiff and Appellant, v. AMERICAN PIPE AND CONSTRUCTION COMPANY, Defendant and Respondent.

Wax, Howard & Searle and H. Reed Searle for Plaintiff and Appellant.

Toff, Gordon & Royce and F. John Royce for Defendant and Respondent.

SALSMAN, J.—Appellant brought this action to set aside a default judgment entered against him on the ground that the judgment was obtained because of his inadvertence and by means of extrinsic fraud and mistake. After hearing the evidence the trial court found no excusable mistake or neglect on the part of appellant, and no fraud on the part of respondent. Accordingly the court entered a "take nothing" judgment, in effect refusing to set aside the default judgment described in the complaint. This appeal followed.

There is no substantial dispute about the facts. Appellant is a truck driver and highway carrier licensed by the Public Utilities Commission. At all times relevant herein he was properly insured and evidence of such insurance was on file with the Commission. (See Pub. Util. Code, §§ 3511 and 3631.) On December 7, 1962, while driving his tractor, he was involved in an accident with other trucking equipment owned by respondent. He reported the accident to his insurance carrier at once, and an adjuster appeared on the scene within a very short time to make an investigation. It is by no means clear that appellant was negligent, and it is inferable from the record that respondent was contributorily negligent.

After the accident appellant heard nothing from his insurance carrier. He did however, contact respondent's insurance carrier and demand payment for damage done to his equipment. Payment was refused. He then filed an action for damages against respondent in the small claims court. In return, respondent filed an action against appellant in the superior court for damage to its equipment, and caused the action in the small claims court to be transferred to the superior court. (See Code Civ. Proc., § 117r.) Respondent then served appellant with a copy of the summons, complaint and affidavit as required by the code.

Appellant testified that when he was served with summons, the process server said something to the effect that the purpose of the superior court litigation was to cancel the small claims court action. The process server, however, testified he did not recall any such comment, that it was not his practice to make such remarks, and that he read the summons in full to appellant at the time of service. Appellant admitted he put

the papers served upon him in his car and did nothing about the matter. He did not call his insurance company, or forward the papers to it, nor did he seek legal advice. He testified that the reason for his inaction was because he thought his insurance company was handling the matter.

Respondent caused appellant's default to be entered in the superior court action about three weeks after service of process, and two months later secured a default judgment in the sum of $5,335.63. Fourteen months after entry of the default, almost one year after entry of judgment, respondent demanded payment. Appellant moved to set the judgment aside, but his motion was denied. He then filed this action, seeking equitable relief.

The purpose of appellant's action is to invoke the broad equity powers of the superior court to grant relief from a judgment taken against a party under circumstances showing extrinsic fraud or excusable mistake or neglect. The rules governing the right to relief in such an action are well settled. Of course, relief could have been granted pursuant to appellant's motion in the action in which the judgment was rendered, if under prevailing rules appellant established his right to relief. (*Olivera* v. *Grace*, 19 Cal.2d 570, 575-576 [122 P.2d 564, 140 A.L.R. 1328] ; *Lovelace* v. *Greenfield*, 208 Cal. App.2d 827, 831 [25 Cal.Rptr. 482].) But for reasons that do not appear in our record, relief pursuant to motion was denied. ■ Whether relief from the burden of a judgment is sought by motion in the action in which the judgment was rendered or by a separate suit in equity, the proceeding is addressed to the sound discretion of the trial court, and the trial court's ruling may not be upset on appeal in the absence of a clear showing of an abuse of discretion. (*Weitz* v. *Yankosky*, 63 Cal.2d 849, 854 [48 Cal.Rptr. 620, 409 P.2d 700].) ■ The law always favors trial on the merits, and looks with disfavor upon a party who seeks to take advantage of the excusable mistake or neglect of his adversary. (*Weitz* v. *Yankosky*, *supra*, p. 855, and cases cited.) ■ However, the plaintiff, or the moving party, has the burden of proof, and must establish to the court's satisfaction the existence of fraud, extrinsic mistake or excusable neglect. (*Luz* v. *Lopes*, 55 Cal.2d 54, 62 [10 Cal.Rptr. 161, 358 P.2d 289], and cases cited.) ■ Relief will be denied unless the plaintiff or the moving party is able to convince the court that he has exercised reasonable diligence to protect himself against the judgment. (*Elms* v. *Elms*, 72 Cal.App.2d 508, 513 [164 P.2d 936],

and cases cited.) ▮ Mere mistake, inadvertence or neglect does not warrant relief unless, upon a consideration of all of the evidence, it is found to be excusable. (See *Hughes* v. *Wright,* 64 Cal.App.2d 897 [149 P.2d 392].)

When appellant's conduct is measured by the rules declared in the many cases which have considered motions or prayers for relief from a judgment in varied factual situations, it is clear that he shows no ground for relief. ▮ We see no fraud on respondent's part. It is true that after respondent obtained the default judgment it did not attempt to enforce it for almost a year. But immediate action was not required, and inaction alone does not constitute an affirmative fraudulent act. Respondent did nothing to lull appellant into forfeiting his right to defend on the merits, although it also did no more than required to warn him of his impending default. There was no breach of any agreement, formal or informal, not to take a default without additional warning. (See *Frank E. Beckett Co.* v. *Bobbitt,* 180 Cal.App.2d Supp. 921 [4 Cal.Rptr. 833].)

▮ Moreover, appellant has failed to show excusable neglect or mistake on his part. There was conflicting testimony as to whether the process server told appellant that the summons merely cancelled the small claims action, and it was within the power of the trial court to resolve that conflict. (*Price* v. *Hibbs,* 225 Cal.App.2d 209, 215-216 [37 Cal.Rptr. 270].) The summons was personally served upon him and read to him. It warned him that unless he appeared and answered the complaint, judgment would be taken against him. He did not appear. He merely laid the papers aside and did nothing, on the wholly unwarranted assumption that his insurance company would look after the matter without notification by him that he had been served with process. Appellant does not claim that the insurance company made any affirmative representation that it would handle the case without further help from him. (See *Stout* v. *Bakker,* 212 Cal.App.2d 78 [27 Cal.Rptr. 661]; *Ramsey Trucking Co.* v. *Mitchell,* 188 Cal.App.2d Supp. 862 [11 Cal.Rptr. 283].) He merely assumed, without the slightest apparent basis, that he was relieved of all responsibility. We cannot say that the trial court abused its discretion in holding such neglect inexcusable and denying equitable relief.

Contentions such as those advanced here were aptly disposed of by the court in *Gillingham* v. *Lawrence,* 11 Cal.App. 231, 233-234 [104 P. 584], where it was declared that ". . . courts are liberal in relieving parties of defaults caused by

inadvertence or excusable neglect . . . yet they do not act as guardians for incompetent parties or parties who are grossly careless as to their own affairs. There must be rules and regulations by which rights are determined and under which judgments become final. If this court should determine that the defendant, as a matter of law, was entitled to relief in this case, there could scarcely be a default judgment that would not have to be set aside. . . .'' (See also *Beall* v. *Munson*, 204 Cal.App.2d 396, 400-401 [22 Cal.Rptr. 333], and cases cited.) Appellant here, as in *Gillingham*, grossly neglected the warning given by the summons, and has established no ground for relief. It follows that the trial court did not abuse its discretion in refusing to set aside the judgment.

The judgment is affirmed.

Draper, P. J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.