[Civ. No. 15524. Third Dist. Sept. 13, 1976.]

SARAH LILLIE FORD, Plaintiff and Respondent, v.
WARNER JENE HERNDON, Defendant and Appellant.

## Counsel

Roberta Ranstrom, Richard M. Pearl and Diane Greenberg for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall and Ramon M. de la Guardia, Deputy Attorneys General, John M. Price, District Attorney, and Mel Price, Deputy District Attorney for Plaintiff and Respondent.

## Opinion

**EVANS, J.**—Defendant appeals from an order denying his motion made pursuant to section 473 of the Code of Civil Procedure seeking to vacate entry of default and to set aside a default judgment. A paternity action was brought against defendant by plaintiff Sarah Ford, alleging him to be the father of her child born out of wedlock and seeking support for the child. Summons and complaint was served on defendant on August 31, 1973. He failed to answer or otherwise appear within the statutory time; on April 4, 1974, notice of request to enter default was mailed to defendant at his last known address, and on April 10, 1974, a request to enter default was filed. On May 14, 1974, default judgment was taken, determining defendant to be the natural father of the child and directing him to provide for his support.

On August 29, 1974, a copy of the judgment was personally served on defendant. Defendant filed a motion to set aside the default and the default judgment on May 21, 1975. He asserts that in denying the motion, the trial court abused its discretion and denied him the constitutional right of due process.

■ A motion for relief from a default judgment is addressed to the sound discretion of the trial court, and its ruling thereon will not be

reversed on appeal in the absence of a clear showing of an abuse of discretion. (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849 [48 Cal.Rptr. 620, 409 P.2d 700]; *Martin* v. *Taylor* (1968) 267 Cal.App.2d 112 [72 Cal.Rptr. 847]; *Daher* v. *American Pipe & Constr. Co.* (1968) 257 Cal.App.2d 816 [65 Cal.Rptr. 259].) The burden of showing an abuse of discretion rests on the petitioner, here the defendant. (*Ochinero* v. *Wertz* (1962) 200 Cal.App.2d 533 [19 Cal.Rptr. 466].)

The declaration filed by defendant in support of his motion contained the following statements:

"I am the defendant above-named. At some time prior to August 31, I received two letters from the District Attorney's office in Sacramento. The letters referred to certain allegations made that I was the father of the child born to Plaintiff herein. After receiving the second letter, I went to the District Attorney's office on August 31, 1973 at 1901 19th Street in Sacramento to tell the District Attorney that I was not the father of the child.

"When I got there, I spoke with a Ms. Carol Crum, an interviewer. I told her I was not the father of the child and asked what I would or should do. She was very hostile and told me there was 'nothing' I could do, that 'somebody had to do it.' At this time, nobody took any statement from me.

"I went to the District Attorney's office again on October 3, 1973. This time I spoke with another person who worked there. I again said I was not the father, and they took my statement. I asked if there was some kind of blood test that could be given to show I was not the father. They said that I would have to pay for the blood tests if I wanted them, and that blood tests were no good as proof anyway because they were not conclusive. I was told that if I wanted to fight it, I should go get an attorney. When I said that I did not have any money, nobody answered my comment. I was simply told to leave, and that I would be contacted. After what I was told I figured there was nothing I could do so I took no further action.

"After that meeting on October 3, 1973, I had to spend some time in jail, and while there, I got notified that a judgment had been entered against me. I do not remember having received any notice telling me to go to court about the default judgment. As soon as I got out of jail, I

went to the District Attorney's office and again asked what I could do. I was told to 'get a lawyer' if I did not like the judgment. I then found out about Legal Aid and went there.

"If I had not been told that blood tests would not help me and that I had to pay for them, I would have insisted that they be taken to prove that I am not the father. Also, since I really had no idea of what I should do or could do, and since I had no money, I believe that an attorney should have been provided for me. If that had been done, then I would have found out about the blood tests and everything, and I would not have this problem now."

Counterdeclarations were not filed on behalf of plaintiff or plaintiff's counsel, the district attorney. However, at the hearing conducted June 17, 1975, Carole Crumme and Cathy Schauss testified in opposition to the defendant's declaration and motion. The matter was submitted upon the declaration of defendant, the motion, the points and authorities, and the testimony produced at the hearing.

The court in *Daher* v. *American Pipe & Constr. Co., supra,* 257 Cal.App.2d at pages 819-820, discussed the applicable principles in a motion to set aside a default and default judgment. "[T]he plaintiff, or the moving party, has the burden of proof, and must establish to the court's satisfaction the existence of fraud, extrinsic mistake or excusable neglect. (*Luz* v. *Lopes,* 55 Cal.2d 54, 62 [10 Cal.Rptr. 161, 358 P.2d 289], and cases cited.) Relief will be denied unless the plaintiff or the moving party is able to convince the court that he has exercised reasonable diligence to protect himself against the judgment. (*Elms* v. *Elms,* 72 Cal.App.2d 508, 513 [164 P.2d 936], and cases cited.) Mere mistake, inadvertence or neglect does not warrant relief unless, upon a consideration of all of the evidence, it is found to be excusable. (See *Hughes* v. *Wright,* 64 Cal.App.2d 897 [149 P.2d 392].)"

■ When defendant's conduct as presented to the trial court is measured by the mandates of the many cases which have considered such motions and their varied factual situations, it is clear defendant fails to present grounds for affirmative relief. The record does not disclose fraud on the part of plaintiff or plaintiff's counsel.

It is true that after service of the original summons and complaint a period in excess of seven months expired before default and default judgment was taken. However, immediate action is not required, and

inaction alone does not constitute an affirmative fraudulent act. The district attorney representing the plaintiff did nothing to lull defendant into forfeiting his right to defend on the merits. On one visit to plaintiff's attorney's office (the district attorney), defendant was advised to secure legal counsel. He laid the papers aside and took no further action. On the state of the record presented, the defendant has failed to demonstrate excusable neglect or mistake that would warrant the relief provided in section 473 of the Code of Civil Procedure.

The court in *Gillingham* v. *Lawrence* (1909) 11 Cal.App. 231, 233-234 [104 P. 584], aptly described the obligation of the court in considering motions for relief from default. " . . . courts are liberal in relieving parties of defaults caused by inadvertence or excusable neglect, . . . yet they do not act as guardians for incompetent parties or parties who are grossly careless as to their own affairs. There must be rules and regulations by which rights are determined and under which judgments become final. If this court should determine that the defendant, as matter of law, was entitled to relief in this case, there could scarcely be a default judgment that would not have to be set aside . . . ."

Defendant here, as in *Gillingham*, grossly neglected the warnings given by the summons and the district attorney's office.

It is upon this state of the evidence without a transcript of the hearing on the motion to vacate that we must decide whether or not the court, in denying the requested relief, abused its discretion.

The appeal comes to us on the clerk's transcript only. ■ On such an appeal, the judgment or order is not subject to an evidentiary challenge, and it must be presumed that the evidence supports the judgment. (*Globe Indem. Co.* v. *State of California* (1974) 43 Cal.App.3d 745 [118 Cal.Rptr. 75]; *Associated Creditors' Agency* v. *Dunning Floor Covering, Inc.* (1968) 265 Cal.App.2d 558, 559 [71 Cal.Rptr. 494].) In our review we have considered not only the pleadings, but the declaration filed by defendant. Inasmuch as we must conclusively presume that the evidence is sufficient to sustain the court order or judgment, the only questions presented are as to the sufficiency of the pleadings and whether there is support for the judgment. (*City of Los Angeles* v. *Ricards* (1973) 10 Cal.3d 385, 390 [110 Cal.Rptr. 489, 515 P.2d 585].)

The court did not make findings of fact or conclusions of law, but rendered a general judgment or order. ■ A general judgment does, however, imply a finding in favor of the prevailing party of every fact essential to the support of his action; all inferences and intendments favor such a result. (*Codekas* v. *Dyna-Lift Co.* (1975) 48 Cal.App.3d 20, 24 [121 Cal.Rptr. 121]; *Associated Creditors' Agency* v. *Dunning Floor Covering, Inc., supra,* 265 Cal.App.2d 558.) We must assume the court weighed the evidence presented, was persuaded by the substance and force of the contrary evidence, and resolved each factual question adversely to the defendant.

■ Defendant's contention that he was deprived of procedural due process by virtue of the default judgment taken against him following his appearance in the district attorney's office and an alleged interference with his attempt to obtain a free blood test, would require us to accept the truth of each fact alleged in defendant's declaration and to usurp the function of the trial court. This we may not do. That court considered all evidence presented and decided the fact questions adversely to the defendant. (*City of Los Angeles* v. *Ricards, supra,* 10 Cal.3d at p. 390.)

In any event, the assertions contained in defendant's declaration are grossly inadequate as support for the relief requested. He has failed to explain the lengthy delay from service of summons to his motion for relief, or to explain his failure to seek counsel after being admonished to do so.

■ Defendant's final contention that he is an indigent in a paternity action and entitled under the due process and equal protection clauses of the federal Constitutuion to appointment of counsel is not supported by decisional law. First, nothing in the record indicates that defendant is an indigent, and we must presume that the trial court found that he was not.

Although we must presume the record fails to support defendant's claim of indigency, it must be acknowledged that indigency alone does not require the state to provide free counsel in all legal proceedings.

The absolute due process requirement is that no person be imprisoned for an *offense* unless he is represented by counsel at trial. (*Argersinger* v. *Hamlin* (1972) 407 U.S. 25, 37 [32 L.Ed.2d 530, 538-539, 92 S.Ct. 2006]; Cal. Const., art. I, § 15.) Unlike the absolute right to counsel mandated by specific provisions of both federal and state Constitutions for individuals accused of criminal offenses, the right to counsel in other

than criminal proceedings is conditioned and determined on a case by case basis. (*In re Love* (1974) 11 Cal.3d 179, 189 [113 Cal.Rptr. 89, 520 P.2d 713].)

We are not confronted by a criminal or quasi-criminal proceeding, nor are any personal freedoms involved requiring us to undertake a balancing test of the circumstances to determine if, in fairness, counsel must be afforded.

The instant proceeding is a civil action instituted by Sarah Ford in an effort to have defendant legally declared to be the natural father of her child born out of wedlock. The happenstance that her counsel is public rather than private does not change the nature of the proceeding or bring it within the area of a case by case determination of need in civil proceedings such as described in *Cleaver* v. *Wilcox* (9th Cir. 1974) 499 F.2d 940. California has by statute required appointment of counsel or authorized it (Civ. Code, § 237.5; Welf. & Inst. Code, § 634) in proceedings involving potential loss of parental custody to public authority. (Civ. Code, § 232; Welf. & Inst. Code, § 600.) That requirement or authority has not by legislative fiat or judicial decree been extended to paternity determinations. The due process claim to counsel is without merit.

The judgment is affirmed.

Friedman, Acting P. J., and Regan, J., concurred.

A petition for a rehearing was denied October 13, 1976, and appellant's petition for a hearing by the Supreme Court was denied December 2, 1976. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.