Filed 10/30/13  Schneider v. David CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SCOTT SCHNEIDER,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JULIETA DAVID,<br><br>        Defendant and Appellant. | A137533<br><br>(San Mateo County<br>Super. Ct. No. CIV513152) |

Defendant Julieta David appeals from a default judgment after the trial court refused to set aside her default under Code of Civil Procedure section 473.[1]  Because the record discloses facts sufficient to justify the trial court's decision to deny relief, we conclude the trial court did not abuse its discretion and affirm.

**BACKGROUND**

David was personally served with a summons and complaint from plaintiff Scott E. Schneider seeking damages for deceit, fraud, unjust enrichment, and conversion.  She did not respond to the complaint, and on May 16, 2012, the court entered her default.[2] On June 8, Schneider served David via her husband with a notice of hearing for entry of default judgment set for July 10.

_____

[1] All further statutory references are to the Code of Civil Procedure unless otherwise designated.

[2] All further dates references are 2012 unless otherwise designated.

1

On June 28, David opposed the motion for entry of judgment by default and on July 13 moved to set aside her default under section 473. Accompanying her motion were responsive pleadings to the complaint, a declaration from David's attorney, Marco Acosta, and an exhibit to the declaration, a letter from Acosta to Schneider's counsel dated June 19. Acosta claimed David had first contacted him on June 11 and informed him of the lawsuit, and that David's former attorney failed to advise her of the need to file a timely responsive pleading.

Schneider opposed David's motion and argued that it should be denied because her showing was unsupported with competent evidence. Schneider also filed an accompanying declaration by his counsel, Michael Mazzocone, and objected to Acosta's declaration. Mazzocone's declaration recounted communications between the parties about David's request for relief under section 473 and criticized the veracity of David's claim that she was misinformed by her "phantom" former attorney. Schneider objected to Acosta's declaration on the grounds that it was predicated upon inadmissible hearsay and provided information for which Acosta had no personal knowledge.

On August 22, David filed her own declaration setting forth the basis for her failure to respond to the complaint and summons. David described how she hired attorney Fred Meis to represent her. She notified Meis of the complaint by email and telephone when she received it; she read only the complaint but neglected to read the summons. She told Meis she was scheduled to depart for a weeks-long overseas trip on April 20, and Meis did not advise her to file a response within 30 days. Based on Meis' "misinformation and incorrect legal counsel" David believed in good faith she could go on the overseas trip and address the lawsuit when she returned in May. David also stated that Meis "failed to take responsibility for his failures" and demanded an additional retainer to continue representing her in the matter. The declaration attached a copy of an email from David to Meis dated April 15, in which she notified Meis she had been served with the complaint and described the four causes of action.

2

On August 29, the trial court heard David's motion to set aside the default. The court advised the parties at the hearing on the motion that it would deny relief unless David obtained and filed an affidavit of fault from Meis by September 11.

On September 11, Schneider filed a supplemental opposition to David's motion and another declaration by Mazzacone. The opposition criticized David's claims that she relied upon advice of a former attorney, and described how Mazzacone had made contact with Meis, and Meis told Mazzacone that neither David nor Acosta had requested an affidavit of fault. Meis told Mazzacone he would submit an affidavit of fault if requested.

On September 18, Schneider filed an ex parte application for leave to file a second supplemental opposition to David's motion. Again, Schneider filed a declaration from Mazzacone, which this time included email correspondence with Acosta. The emails describe David's attempts to secure Meis' affidavit of fault and Acosta's explanation that David would not waive the attorney client privilege for Meis to sign the affidavit.

On September 20, the court held another hearing on the motion. Because David had not supplied the affidavit of fault, the court once again delayed ruling. The court directed David to file the affidavit of fault from Meis by September 28, or else relief from default would be denied. David never filed an affidavit of fault. On October 16, the trial court issued its order denying David's relief from default. The court entered a default judgment on November 20, finding David liable for fraud, deceit, unjust enrichment, dismissing the conversion cause of action, and awarding Schneider a total judgment of $73,614.38. David now appeals.

## DISCUSSION

David contends the trial court abused its discretion when it denied her relief under section 473 because the trial court did not consider her declaration, which explained the reasons she failed to timely respond to the summons. But she supports her argument only by identifying that the record does not provide an explanation of the rationale for the

3

court's decision. According to David, because her declaration offered a "perfectly adequate and legally sufficient excuse" to justify relief, the trial court abused its discretion under section 473. We will address only the issue of whether the trial court abused its discretionary authority under section 473.[3]

## A. Standard of Review

A trial court's ruling on a motion for discretionary relief under section 473 will not be disturbed unless there is a clear showing that the trial court abused its discretion. (*State Farm Fire & Casualty Co. v. Pietak*, (2001) 90 Cal.App.4th 610.) A clear showing of abuse includes decisions by trial courts "where no reasonable basis for the action is shown." (*Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 696.) Therefore, the test before us is whether the trial court "exceeded the bounds of reason" when making its decision to grant or deny discretionary relief. (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478; see also *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.) When the facts present the trial court with conflicting information susceptible to two or more reasonable inferences, the appellate court has no authority to substitute its decision for that of the trial court. (*Shamblin v. Brattain, supra,* 44 Cal.3d at p. 478.) Further, when a trial court's record does not disclose the reasons for a court's ruling, it nevertheless " 'is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' " (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718.)

We have no power to disturb the trial court's denial of David's motion unless there is a clear showing of an abuse of discretion. The standard of review gives us no power to

---

[3] In her opening brief, David makes muddled references to mandatory relief available under section 473. Mandatory relief is available when it is shown that the moving party's attorney is at fault. Its different statutory requirements were not satisfied and she does not explicitly raise it as an issue. Therefore, we will not address it.

substitute our own assessment of the facts and record for the trial court's. We are limited to determining only whether the trial court's decision was not arbitrary.

## B. Discretionary Relief under Section 473

A party may seek relief from a default judgment when it can show the judgment was due to mistake, inadvertence, surprise, or excusable neglect. (Code Civ. Proc., § 473, subd. (b).) Trial courts may grant such relief when a moving party has diligently taken action and made the requisite showing. (*Ibid*.) Although trial courts generally apply section 473 liberally, *Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233 (*Elston*), the courts are to consider whether the mistake, inadvertence, surprise, or neglect is of the "excusable" variety and warrants relief based upon all of the evidence presented. (*Ford v. Herndon* (1976) 62 Cal.App.3d 492, 496.)

David contends the trial court's decision exceeded the bounds of reason because there is no indication in the record that the court considered her declaration, which supplied the factual basis for her showing of excusable neglect under section 473. According to David, her declaration set forth a reasonable explanation for her failure to respond to the summons and it detailed the deficient advice that she received from a former attorney, even though the attorney's affidavit of fault was never filed. She argues it is manifest that the court did not consider her declaration. Not so. The record does not so indicate, and we will not assume there was error unless it is affirmatively shown.

David supports her argument with *Elston, supra,* 38 Cal.3d 227, and its holding that relief must be granted under section 473 when the moving party seeking relief produces evidence of an attorney's error. However, *Elston* is inapposite. Although a casual reading of *Elston* would seem to support David's proposition, that case was decided before section 473 was amended to make relief mandatory where attorney neglect or mistake is supported by a sworn affidavit from the attorney.[4] *Elston*, *supra*, 38

---

[4] Section 473, as amended by Statutes 1988, chapter 1131, section 1, provides in relevant part "notwithstanding any other requirements of this section, the court shall, whenever

5

Cal.3d at 234, involved such an affidavit, which is quite different from the showing David presented here. David also cites *Jackson v. Bank of America* (1983) 141 Cal.App.3d 55 (*Jackson*), which reversed a trial court's grant of relief where a moving party did not show excusable conduct and failed to act diligently. No doubt *Jackson* reinforces the necessity of diligence and the minimal showing required by a moving party under section 473. While David may have met the minimum requirements indentified in *Jackson*, whether her neglect was excusable is another matter. [5]

What David's argument overlooks is that trial courts are empowered to consider all evidence in the record when deciding whether to grant relief under section 473. The record before the trial court included facts from both David and Schneider on whether David was entitled to relief from default judgment. The submissions of both parties created a factual aggregation susceptible to different inferences and conclusions. It was the trial court's function to weigh and evaluate the facts and to make a determination whether David had made the necessary showing to justify relief. The trial court decided David had not done so, and therefore denied her motion to set aside the default judgment.

From the record provided to this court, the specific findings of the trial court judge are not known. Notably absent from this record is the complete transcript of the final hearing on the motion conducted September 20. The transcripts provided simply do not reveal precisely how the judge arrived at his conclusions or made his decision to deny

an application for relief is timely, in proper form, and accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise or neglect, vacate any resulting default judgment entered against his or her client unless the court finds that the default was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect. The court shall, whenever relief is granted based on an attorney's affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties."

[5] It is uncontested that her motion to set aside default, filed June 28, 2012, only weeks after default was entered on May 17, 2012, met the standard for diligence required by section 473.

relief. Notwithstanding, we know what the record contained when the court made its decision. The record contained David's showing to justify relief and the counterweight of Schneider's challenges. We cannot conclude it was outside the bounds of reason for the trial court to deny relief based on the facts in the record as presented by both parties.

## DISPOSITION

The judgment is affirmed.

_____
Siggins, J.

We concur:

_____
Pollak, Acting P.J.

_____
Jenkins, J.